Argued March 11; reversed April 1, 1930

# CITY OF GEARHART *v.* GEARHART PARK CO. ET AL.

(286 P. 147)

*Normal Kuykendall* of Portland (Winter & Maguire of Portland and Norblad & Hesse of Astoria on the brief) for appellant.

*Edw. C. Judd* of Astoria for respondent.

BELT, J. This is a suit, by virtue of chapter 257 of General Laws of Oregon for 1925, to foreclose a street improvement lien on land owned by the defendant, Gearhart Park company. Title and Trust company was joined as defendant by reason of its alleged mortgage lien on the property in question. From a decree awarding the city judgment for the amount of the special assessment together with costs of sale and attorney fees, and directing that the property be sold as upon execution, the defendant, Gearhart Park company, appeals.

Appellant asserts that the special assessment proceedings are null and void for the reasons (1) that the city failed to acquire jurisdiction in that the notice of such proposed improvement did not comply with the charter, and (2) that the description of the property in the resolution declaring an intention to make such improvement is fatally indefinite and uncertain. Appellant also attacks the decree of the lower court in that it provided, in effect, for a deficiency judgment if the property, when sold upon execution, failed to satisfy the special assessment lien.

On July 7, 1926, the common council of the city of Gearhart adopted a resolution declaring its intention to improve Cottage avenue from the north line of Sixth street to the south line of Avenue D. After describing the property of appellant, upon which it was proposed to levy an assessment, it was provided in the resolution that "the 21st day of July, 1926, at 8:00 o'clock p. m., in the council chambers in the city

hall in the city of Gearhart, Oregon, is hereby designated as the time and place, when and where the council of said city will hear and determine all objections and remonstrances to said improvement, and all persons affected by said improvement are hereby notified to file their objections with the auditor on or before the 21st day of July, 1926, at 8 o'clock p. m.'' The resolution also directed the auditor to give notice, as required by charter, of the city's intention to make such improvement, by publication in the ''Seaside Signal'' two weeks prior to time of meeting to hear and determine any objections or remonstrances. Pursuant to this resolution, notice of such proposed improvement was published, wherein the time and place of the meeting were as above stated. The first publication of the notice was on July 8, 1926, and the second and final publication was on July 15th following. Section 38 of the charter relative to notice provides:

''By such resolution or ordinance the council shall direct notice of their intention to make such improvement or repair to be given by publication in a weekly newspaper published in the county of Clatsop, such notice shall contain a statement of the improvement to be made in such general terms as can be used in such resolution or ordinance, and a statement of the district to be assessed for such improvement or repair, and such notice shall be published in said newspaper for at least two weeks. If a remonstrance against such improvement or repair, signed by the residents of the city owning more than two-thirds of the property in the district in which the special assessment is to be levied, shall be filed with the auditor and police judge by the time of the next regular meeting of the council following the final publication of such notice, no such improvement work shall be ordered, except by a vote of two-thirds of all the members of the council.''

It will be observed that, by excluding the first day of the publication and including the last, as provided by section 531, Or. L., in the computation of time, the meeting on July 21, 1926, for the purpose of hearing and determining objections and remonstrances to the improvement, was held before two weeks from the first publication of the notice had elapsed. Notwithstanding the charter provides that remonstrances may be filed by property owners at the next regular meeting of the council, which was on the first Wednesday of August, 1926—after the two weeks' publication of the notice—the city council saw fit to designate in the resolution and the notice, July 21st as the time for hearing and determining objections and remonstrances. Having held the meeting prior to the two weeks' publication of the notice, it follows that the city did not acquire jurisdiction and that all proceedings with reference to the special assessment were null and void: *Watson v. City of Salem,* 84 Or. 666 (164 P. 567, 1184). That no remonstrances were filed is immaterial so far as the legal sufficiency of the notice is concerned.

■ It was error to render personal judgment against the defendant, Gearhart Park Co. True, the charter of the city provides that "All special assessments from the date of confirmation thereof constitutes a lien on the respective lots and parcels of land assessed and shall also be a charge against the person to whom assessed until paid." However, chapter 257, General Laws of Oregon for 1925, under which this foreclosure suit was prosecuted, and which is applicable to all municipalities, specifically provides:

"That no deficiency judgment shall be entered against the owner of the property."

On the authority of *Lovejoy v. Portland,* 95 Or. 459 (188 P. 207), this general statute controls and, by

implication, repeals the charter provision above set forth. In view of this conclusion, it is not necessary to pass on the constitutionality of such a charter enactment.

The description of the property is challenged on the ground of uncertainty, but, since this matter may be corrected on reassessment, we deem it unnecessary to consider this assignment of error.

We are constrained to reverse the decree of the lower court on the ground that the city did not obtain jurisdiction on account of defective notice.

COSHOW, C. J., and BEAN and BROWN, JJ., concur.